HAWKINS, Justice,
for the Court:
James Willis Barfield appeals from his conviction of murder in the Circuit Court of Attala County and sentence to life imprisonment.
The only question we address on this appeal is the refusal of the trial court to grant a mistrial following an alleged comment by the state on the refusal of the defendant to testify at a preliminary hearing.
Under the facts of this case, we find no error and affirm.
Barfield killed his cousin John Lewis Fleming on the 14th day of November, 1981. There were two eyewitnesses to the slaying. His defense was a combination of accident and self-defense. There is no need to review the evidence, which amply supported the verdict.
Barfield was indicted for murder on February 22, 1982, and at his trial in March, 1982, he took the stand in his own defense. After testifying on direct examination in support of his claim of self-defense, the record shows the following:
BY MR. SNYDER:
Q. Who did you tell — when did you tell the sheriff that you shot in self-defense?
A. I told the sheriff I shot in self-defense?
Q. Yes.
A. I don’t remember telling him that.
Q. When did you tell the highway patrolman who was out there that you shot John Fleming in self-defense?
A. I don’t remember telling him that.
Q. When did you tell Officer Bee Hudson that you shot the defendant in self-defense?
A. I don’t remember that.
Q. When did you tell the county attorney, Geoffrey Morgan, that you shot John Fleming in self-defense?
A. I don’t remember telling — are you talking about prior to today?
Q. Yes.
A. I don’t remember.
Q. When did you tell me, the District Attorney, you shot John Fleming in self-defense?
A. A few minutes ago.
Q. In here in Court?
A. Yes, sir.
Q. You never had mentioned it to me before today? Is that correct?
A. Not that I can remember.
Q. When did you tell the Justice Court Judge who conducted the preliminary hearing that you shot in self-defense?
BY MR. JACKSON:
I object if the Court please.
BY THE COURT:
The objection is sustained.
BY MR. JACKSON:
I move for a mistrial. I’d like to be heard.
In chambers defense counsel moved for a mistrial on the ground Barfield had not testified at the preliminary hearing before the justice court, and established this in chambers. The state responded that the justice court judge Robbie Robertson was at the scene following the slaying, and it was then the state was asking about any statement Barfield made to him.
The circuit judge then stated into the record he had misinterpreted the original question, overruled the objection and permitted the state to ask Barfield about a statement made to Robertson. In his ruling, however, the circuit judge made it clear the court would not permit any questioning pertaining to whether or not Bar-field testified at the preliminary hearing.
When the jury returned, Barfield was asked and testified as follows:
BY MR. SNYDER:
Q. Do you deny that on November 14th, 1981, at about 12:30, somewhere between your house and Geneva Fleming’s house, you told Robbie Robertson, “Well, Robbie, I took it,” or “I took it as long as I could,” or words to that effect?
A. I don’t remember seeing him.
*731 Q. You don’t remember seeing him at all?
A. No, sir.
Barfield contends on appeal the first question by the state, “When did you tell the justice court judge who conducted the preliminary hearing that you shot in self-defense,” was a comment on his failure to testify at the preliminary hearing, and in violation of Miss.Code Ann. § 13-1-9 (1972) as we have consistently interpreted this statute.
We agree with the circuit judge that the question as originally asked was subject to more than one interpretation, and by permitting the state to show that the district attorney was asking about a prior contradictory statement (and not about any failure to testify at the preliminary hearing), the matter was removed from speculation.
No error was committed. AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.